# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT NEWTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-06-532-C |
| | ) |
| CITY OF MUSKOGEE, a | ) |
| Municipal Corporation; JAMES "JIMBO" | ) |
| FOLSUM, individually as a Police Officer | ) |
| with the City of Muskogee Police | ) |
| Department; MARK E. CAMPBELL, | ) |
| individually as a Police Officer with the | ) |
| City of Muskogee Police Department; and | ) |
| MICHAEL T. LIPPMAN, individually | ) |
| as a Police Officer with the City of | ) |
| Muskogee Police Department, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants, James Folsum, Mark Campbell, and Michael Lippman (collectively "Officers") and Defendant City of Muskogee ("City") have filed Motions to Exclude or Limit the Testimony of Plaintiff's Expert, Dr. Scott Dunitz. Defendants argue the Fed. R. Civ. P. 26(a)(2)(B) "report" tendered by Plaintiff for Dr. Dunitz is insufficient to satisfy the requirements of that rule. In response, Plaintiff argues that Dr. Dunitz is not governed by Rule 26(a)(2)(B) as he is a treating physician and was not "retained or specially employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

As the Court informed the parties in the telephone conference, Dr. Dunitz will be permitted to testify at trial. As Plaintiff notes, Dr. Dunitz is not offered as an expert witness

but as a treating physician. Of course as such, the scope of Dr. Dunitz testimony will be limited to his treatment of Plaintiff. See Bynum v. MVM, Inc., 241 F.R.D. 52, 54 (D.D.C. 2007):

> Whether or not a Rule 26(a)(2)(B) report is required before a treating physician testifies depends on the topics and scope of his testimony. See Kirkham v. Societe Air France, 236 F.R.D. [9] at 11 [(D.D.C. 2006)] (collecting cases). "As a treating physician, [the doctor] may describe what she has seen, describe and explain her diagnosis and the treatment she prescribed . . . without running afoul of the constraints of Rules 26 and 37 of the Federal Rules of Civil Procedure." Riddick v. Washington Hospital Center, 183 F.R.D. [327] at 330 [(D.D.C. 1998)].

Thus, Dr. Dunitz will be permitted to testify as to the nature and extent of Plaintiff's injuries, the cause of those injuries, and Plaintiff's prognosis. While Dr. Dunitz may rely on the opinions of other doctors or other medical personnel in testifying about his treatment of Plaintiff, he may not offer opinions based on information on which he did not rely in treating Plaintiff.

For the reasons set forth herein, the separate Motions to Exclude or Limit the Testimony of Plaintiff's Expert, Scott Dunitz of Defendants Folsum, Campbell, and Lippman (Dkt. No. 53) and Defendant City of Muskogee (Dkt. No. 51) are GRANTED, to the extent Dr. Dunitz's testimony is limited as set out herein.

IT IS SO ORDERED this 19th day of November, 2007.

ROBIN J. CAUTHRON
United States District Judge