# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT NEWTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-06-532-C |
| | ) |
| CITY OF MUSKOGEE, a | ) |
| Municipal Corporation; JAMES "JIMBO" | ) |
| FOLSUM, individually as a Police Officer | ) |
| with the City of Muskogee Police | ) |
| Department; MARK E. CAMPBELL, | ) |
| individually as a Police Officer with the | ) |
| City of Muskogee Police Department; and | ) |
| MICHAEL T. LIPPMAN, individually | ) |
| as a Police Officer with the City of | ) |
| Muskogee Police Department, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants, James Folsum, Mark Campbell and Michael Lippman (collectively "Officers") and Defendant City of Muskogee ("City") have filed Motions to Exclude or Limit the Testimony of Plaintiff's Expert, Roylia E. Akins. Defendants argue that Mr. Akins' proposed opinion testimony is insufficient to meet the requirement of Fed. R. Evid. 702. In support of their positions, Defendants note that Mr. Akins last received any CLEET training in 1994, last acted as a police officer in 1995, and has not attempted to stay current on present law enforcement practices and procedures. Defendants also note that Mr. Akins proposes to offer opinions regarding the constitutionality of the Muskogee city ordinance but

has no legal education or experience. Defendants assert that Mr. Akins is basing his constitutionality opinion on his interpretation of a Supreme Court case he has not read, instead basing his opinion on a synopsis supplied by Plaintiff's counsel. Defendants point to many other shortcomings in Mr. Akins' preparation for offering expert testimony in this case, in sum arguing he offers nothing which would be helpful to the jury in resolving the disputed issues in this case.

As the Court informed the parties in the telephone conference, Mr. Akins will not be permitted to testify. After consideration of the parties' submissions on the issue, the Court finds Mr. Akins satisfies none of the elements required for opinion testimony under Rule 702. Under that Rule, a witness must first be qualified by knowledge, skill, experience, training, or education. The activities on which Mr. Akins relies to satisfy these criteria are simply too dated to be acceptable. The lapse in time between Mr. Akins' relevant actions and the case at bar is such that Mr. Akins would be offering opinions based on outdated information. Even were his knowledge, skill, experience, training, or education temporally adequate, the manner in which Mr. Akins reached his opinions is not based on sufficient facts and data, nor is it the result of reliable principles. Rather, Mr. Akins' opinion merely accepts Plaintiff's position on the facts and law and puts an expert's stamp of approval on that position. Such actions are not the product of appropriate reasoning or methodology and therefore the opinions are neither reliable or relevant. See Hollander v. Sandoz Pharms. Corp., 289 F.3d 1193, 1204 (10th Cir. 2002).

Finally, and perhaps most importantly, the opinions which Mr. Akins seeks to offer at trial would not be helpful to the jury. Mr. Akins' opinions offer conclusions on issues that a properly instructed jury is perfectly capable of deciding for itself. Mr. Akins offers no opinion on an issue that is beyond the abilities of the jury to understand, thus Mr. Akins will not be permitted to testify. See Thompson v. State Farm Fire & Cas. Co., 34 F.3d 932, 941 (10th Cir. 1994) ("where as here expert testimony is offered on an issue that a jury is capable of assessing for itself, it is plainly within the trial court's discretion to rule that testimony inadmissible because it would not even marginally 'assist the trier of fact,'") (citing Fed. R. Evid. 403).

For the reasons set forth herein, the Motion of Defendants Folsum, Campbell and Lippman to Exclude or Limit the Testimony of Plaintiff's Expert, Roylia E. Akins (Dkt. No. 54) is GRANTED. Likewise, the Motion of Defendant City of Muskogee to Exclude or Limit the Testimony of Plaintiff's Expert, Roylia E. Akins (Dkt. No. 50) is GRANTED. Mr. Akins will not be permitted to offer opinion testimony at trial.

IT IS SO ORDERED this 19th day of November, 2007.

ROBIN J. CAUTHRON
United States District Judge