# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT NEWTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case Number CIV-06-532-C |
| | ) |
| CITY OF MUSKOGEE, a | ) |
| Municipal Corporation; JAMES "JIMBO" | ) |
| FOLSUM, individually as a Police Officer | ) |
| with the City of Muskogee Police | ) |
| Department; MARK E. CAMPBELL, | ) |
| individually as a Police Officer with the | ) |
| City of Muskogee Police Department; and | ) |
| MICHAEL T. LIPPMAN, individually | ) |
| as a Police Officer with the City of | ) |
| Muskogee Police Department, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 asserting his arrest violated his First and Fourth Amendment rights and that the city ordinance he was accused of violating is unconstitutional. Defendants, James Folsum, ("Folsum"), Mark Campbell ("Campbell"), and Michael Lippman ("Lippman") (collectively "Officers") and Defendant City of Muskogee ("City") filed separate Motions for Summary Judgment, arguing when the undisputed facts are examined it is clear that they are entitled to judgment.

# BACKGROUND[1]

On August 6, 2005, Defendant Folsum noticed a driver fail to come to a complete stop at the stop sign at North 11th and Emporia in Muskogee, Oklahoma. Defendant Folsum activated his emergency lights and the driver pulled his vehicle into the parking lot of Smokehouse Bob's, a restaurant owned by Plaintiff. Defendant Campbell soon arrived to provide backup for the traffic stop. Plaintiff then approached Defendant Campbell and said, "Please don't block the driveway." Plaintiff and Defendant Campbell then had a discussion – the contents of which are hotly disputed – but which ended with Plaintiff being told he would be arrested if he interfered with the traffic stop, Plaintiff stating he was going to call the City Manager, and Plaintiff turning to walk back to the restaurant. After Plaintiff turned to walk away, he was tackled to the ground, sprayed in the face with O.C. spray, handcuffed, and dragged to a police car and taken to the police station. Plaintiff was charged with interfering with an officer and resisting arrest under Defendant City's municipal code.

# STANDARD OF REVIEW

Summary judgment is proper only if the moving party shows "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

---

[1] Unless otherwise noted, the facts identified in this section are presented in the light most favorable to Plaintiff.

(1986)). "An issue is 'genuine' if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." Id. (citing Anderson, 477 U.S. at 248). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. See Anderson, 477 U.S. at 255; Simms v. Oklahoma ex rel. Dep't of Mental Health, 165 F.3d 1321, 1326 (10th Cir. 1999). At the summary judgment stage, the Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Willis v. Midland Risk Ins. Co., 42 F.3d 607, 611 (10th Cir. 1994). When the nonmovant will bear the burden of proof at trial, summary judgment is avoided only by going beyond the pleadings and presenting evidence sufficient to establish the existence, as a triable issue, of an essential and contested element of the case. Perry v. Woodward, 199 F.3d 1126, 1131 (10th Cir. 1999).

## **DISCUSSION**

Plaintiff argues that his arrest violated his First Amendment rights because Defendant Officers retaliated against him for requesting that his driveway not be blocked, and violated his Fourth Amendment rights because Defendant Officers arrested him without probable cause and used excessive force in effecting the arrest. Plaintiff also argues the city ordinance on which his arrest was based is unconstitutionally overbroad.

1.  First Amendment

To establish his First Amendment retaliation claim, Plaintiff must plead and prove "(1) that [he] was engaged in a constitutionally protected activity; (2) that a defendant's action caused [him] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that a defendant's action was substantially motivated as a response to [his] exercise of [his] First Amendment speech rights." Becker v. Kroll, 494 F.3d 904, 925 (10th Cir. 2007) (citing Worrell v. Henry, 219 F.3d 1197, 1212 (10th Cir. 2002)). Plaintiff asserts he has satisfied these requirements, as he was engaged in constitutionally protected activity when he made his request to the Defendant Officers to move their vehicles and stated his intent to call the City Manager. As for the second element, the Plaintiff notes that the injuries he suffered during the course of his arrest were such that they would chill a person of ordinary firmness from continuing to engage in the protected speech activity. Plaintiff argues that the third element is satisfied because he was arrested because of his exercise of protected rights.

When viewed in the light most favorable to Plaintiff, it is clear that he has satisfied the elements set forth in Becker. As Plaintiff notes, his actions in requesting the police to move their vehicles and for protesting their presence on his property are constitutionally protected activity. Second, it is also clear that when viewed in the light most favorable to Plaintiff, the injuries he received are sufficient to chill a person of ordinary firmness from continuing to request the police officers to leave his property.

Finally, while Plaintiff's arguments are thin on the issue, he has established a dispute of material fact on the third element. When viewed in the light most favorable to Plaintiff, the facts are sufficient to establish that the officers' actions of arresting him and filing charges against him were taken as a result of Plaintiff's engaging in the protected activity of requesting they leave his property.

Defendants' argument that Plaintiff was not arrested for exercising his right to speak but was arrested for conduct in violation of the municipal ordinance could only be sustained if the Court accepted Defendants' version of the facts regarding Plaintiff's conduct at the scene of the traffic stop. Of course, at this stage, it is the Plaintiff's facts which must be accepted, rather than Defendants'. Thus, Plaintiff was not interfering with the traffic stop by yelling, waving his arms, and acting in a threatening manner; rather, he was calmly requesting the officers to leave the premises. When viewed in that light, it is clear that Defendants were not responding to inappropriate conduct. Accordingly, Defendants' request for summary judgment on Plaintiff's First Amendment retaliation claim will be denied.

2. Fourth Amendment Unreasonable Seizure

Plaintiff argues that his warrantless arrest was improper, as no reasonable officer could have found probable cause to arrest existed under the facts and circumstances existing in the parking lot. Defendant Officers argue that Plaintiff's claim must fail because they had probable cause to initiate the arrest. In support of their position, the officers refer the Court to Muskogee Municipal Code Ordinance § 13-605A, which states:

> it is unlawful to resist, oppose, or assault, prevent, fail to cooperate with, or in any way interfere with a police officer or any person duly authorized to act as such while the officer or person is discharging or attempting to discharge his official duties within the limits of the City.

Once again Defendants' arguments must fail. The referenced ordinance would provide probable cause to arrest Plaintiff only if he was, in fact, acting in a manner to interfere with the traffic stop. However, at this stage, the Court must view the facts in the light most favorable to Plaintiff. As noted above, under that analysis, Plaintiff had merely politely walked up to the officers and asked them to please move their car, engaged in a civil discussion, and when threatened with arrest indicated his intent to call the City Manager, turning and calmly walking away. No reasonable officer could find that such conduct was violative of the ordinance or provided probable cause to effect an arrest. Cortez v. McCauley, 478 F.3d 1108, 1116 (10th Cir. 2007) ("'Probable cause to arrest exists only when the facts and circumstances within the officers' knowledge, and of which they have reasonably trustworthy information, are sufficient in themselves to warrant a man of reasonable caution in the belief that an offense has been or is being committed.'") (quoting United States v. Valenzuela, 365 F.3d 892, 896 (10th Cir. 2004)). In the absence of probable cause, the arrest of Plaintiff would violate the Fourth Amendment. Therefore, Defendant Officers' motion will be denied on this issue.

3. Fourth Amendment Excessive Force

Defendant Officers argue that they used only the force necessary to effectuate the arrest. According to Defendant Officers, after being informed he was under arrest, Plaintiff turned to run away, which necessitated a pursuit, and once they had caught up with Plaintiff and brought him to the ground he placed his hands under his body and refused to place them behind his back for the application of handcuffs.

Defendant Officers rely heavily on the Circuit and Supreme Court opinions indicating that the reasonableness of the force used must be viewed from the perspective of a reasonable officer on the scene and must allow for the split-second decisions that officers are forced to make. Graham v. Connor, 490 U.S. 386, 396-97 (1989); Saucier v. Katz, 533 U.S. 194, 205 (2001); and Olsen v. Layton Hills Mall, 312 F.3d 1304, 1314 (10th Cir. 2002). According to Defendant Officers, these cases make clear that given the circumstances as they unfolded in the parking lot, their use of force would be reasonable when viewed from the perspective of a reasonable officer on the scene.

The Supreme Court has set out the criteria to be used in evaluating an excessive force inquiry: (1) the severity of the crime at issue; (2) whether the suspect poses an immediate threat to the safety of the officers; and (3) whether the suspect is actively resisting arrest or attempting to evade arrest by flight. Graham, 490 U.S. at 396. When the facts of this case, viewed in the light most favorable to Plaintiff, are applied to these criteria, it is clear that Plaintiff's excessive force claim must survive Defendants' summary judgment challenge.

The facts as presented by Plaintiff demonstrate that no crime had been committed, that Plaintiff posed no threat to the safety of the officers, and the he was not actively resisting arrest or attempting to evade arrest. Thus, Defendant Officers were not entitled to the use of any force in effectuating the arrest. Consequently, Defendant Officers' Motion for Summary Judgment will be denied on this issue.

4. Constitutionality of the Ordinance

Plaintiff argues the ordinance which he is charged with violating is facially unconstitutional as it is impermissibly overbroad.[2] According to Plaintiff, the ordinance gives officers the unfettered discretion to arrest individuals for words or conduct that merely offends the officers. In support of his argument, Plaintiff directs the Court to City of Houston v. Hill, 482 U.S. 451 (1987). According to Plaintiff, the ordinance in Hill, which the Supreme Court found unconstitutional, is substantially similar to that in the case at bar. The ordinance in Hill stated:

> Sec. 34-11. Assaulting or interfering with policemen.
>
> "(a) It shall be unlawful for any person to assault, strike or in any manner oppose, molest, abuse or interrupt any policeman in the execution of his duty, or any person summoned to aid in making an arrest."

Id. at 455. The Supreme Court held the ordinance unconstitutional as the ordinance:

---

[2] Because Plaintiff mounts a facial challenge to the ordinance, the Court must examine the issue in an exacting manner. Ward v. Utah, 398 F.3d 1239, 1247 (10th Cir. 2005) ("Because facial challenges push the judiciary towards the edge of its traditional purview and expertise, courts must be vigilant in applying a most exacting analysis to such claims.")

> is not limited to fighting words nor even to obscene or opprobrious language, but prohibits speech that "in any manner . . . interrupt[s]" an officer. The Constitution does not allow such speech to be made a crime. The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state.

Id. at 462-63 (footnotes omitted). Review of the ordinance at issue in the present case reveals it is distinguishable from the ordinance in Hill. In pertinent part, the ordinance at issue in this case states:

> it is unlawful to resist, oppose, or assault, prevent, fail to cooperate with, or in any way interfere with a police officer or any person duly authorized to act as such while the officer or person is discharging or attempting to discharge his official duties within the limits of the City.

Muskogee Municipal Code Ordinance § 13-605A. In determining whether the ordinance passes constitutional muster, the Court must first determine the extent of the conduct it seeks to control. That reach is, of course, determined by the words employed by the statute. In interpreting an Oklahoma law, the Court "must look to rulings of the highest state court, and if no such rulings exist, must endeavor to predict how the high court would rule." Lovell v. State Farm Mut. Auto. Ins. Co., 466 F.3d 893, 899 (10th Cir. 2006). Oklahoma employs the following guidelines in interpreting its laws:

> The words, phrases and sentences of a statute are to be understood as used, not in any abstract sense. Words used in a part of a statute must be interpreted in light of their context and understood in a sense which best harmonizes with all other parts of the statute.

In re Estate of Little Bear, 1995 OK 134, ¶ 22, 909 P.2d 42, 50 (internal citation omitted). When viewed in this light it is clear that the ordinance is not intended to reach speech.

Plaintiff highlights the phrase "in any way interfere" and argues this phrase gives officers unfettered discretion to interpret the statute to apply to speech. The Court disagrees. While it may be that the ordinance could be interpreted to reach some speech, the Tenth Circuit has made clear that "a court should not invalidate a statute on its face simply because the statute may criminalize some protected speech." Ward, 398 F.3d at 1247. Here any impact on speech is, at most, minimal. Rather, when considered in the context of the ordinance, the phrase can only be understood to reach action, not speech. Thus, because the plain language of the ordinance is primarily focused on action rather than speech, it is strikingly different from that in Hill and passes constitutional muster.

5. City Liability

Defendant City will be open to liability under § 1983 for the acts of its employees only if Plaintiff satisfies a two-prong test. First, Plaintiff must show that one or more of the Defendant Officers committed a constitutional violation. Second, Plaintiff must show that a policy or custom of Defendant City was the moving force – a direct causal link – behind the constitutional violation. Myers v. Okla. County Bd. of County Comm'rs, 151 F.3d 1313, 1316 (10th Cir. 1998); City of Canton v. Harris, 489 U.S. 378, 385 (1989). As noted above, at this stage the facts are in dispute as to whether or not a constitutional violation occurred. Turning to the second prong, even when viewed in the light most favorable to Plaintiff, the facts fail to demonstrate that the ordinance of Defendant City was the driving force behind Plaintiff's arrest. Rather, as noted, the ordinance by any reasonable interpretation reaches only action not speech. Thus, it was Defendant Officer's misapplication of the ordinance that

led to Plaintiff's arrest and criminal charges.[3] Plaintiff has failed to offer any evidence demonstrating that a policymaker of Defendant City acted in any improper way. Thus, Defendant City cannot be liable under § 1983. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 821 (1985) ("The foregoing discussion of the origins of Monell's [v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)] 'policy or custom' requirement should make clear that, at the least, that requirement was intended to prevent the imposition of municipal liability under circumstances where no wrong could be ascribed to municipal decisionmakers.") (abrogated on other grounds). Accordingly, Defendant City's Motion for Summary Judgment will be granted on this issue.

6. Selective Enforcement

Plaintiff argues that he was arrested for violation of the ordinance because of his race. In support of his argument Plaintiff has provided the Court with a chart purportedly identifying the arrests made by Defendant Campbell during a certain time period. Plaintiff argues that Defendant Campbell arrested no other person for violation of the ordinance during the time period; thus, his arrest of Plaintiff must have been racially based. Plaintiff's claim must fail. To establish a selective enforcement claim, a plaintiff must "demonstrate that the defendant's actions had a discriminatory effect and were motivated by a

---

[3] Of course this is true only when the facts are viewed in the light most favorable to Plaintiff. If in fact Defendant Officers' version of the arrest is found by the jury to be correct, Defendant Officers' reliance on the ordinance was proper as Plaintiff's actions would violate the statute.

discriminatory purpose." Marshall v. Columbia Lea Reg'l Hosp., 345 F.3d 1157, 1168 (10th Cir. 2003). Further:

> To withstand a motion for summary judgment, a plaintiff in a § 1983 suit challenging alleged racial discrimination in traffic stops and arrests must present evidence from which a jury could reasonably infer that the law enforcement officials involved were motivated by a discriminatory purpose and their actions had a discriminatory effect.

Id. In considering the discriminatory effect issue, the Supreme Court has stated, "[t]o establish a discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." United States v. Armstrong, 517 U.S. 456, 465 (1996). Plaintiff has offered no evidence that any person of a different race was engaged in the same activity and was not arrested. Thus, Defendants are entitled to judgment on Plaintiff's selective enforcement claims.

7. Remaining claims

In his responses, Plaintiff has affirmatively stated that he is no longer pursuing a claim for retaliatory prosecution and/or Fifth Amendment claims, and that he has never brought a claim pursuant to the Oklahoma Governmental Tort Claims Act.

## **CONCLUSION**

Defendants James Folsum, Mark Campbell and Michael Lippman's Motion for Summary Judgment (Dkt. No. 52) is DENIED in part and GRANTED in part. These Defendants are entitled to judgment on Plaintiff's claims that the ordinance is unconstitutional, that it was selectively enforced against him, and that they violated his Fifth Amendment rights. In all other respects, these Defendants' motion is denied. Defendant

City of Muskogee's Motion for Summary Judgment (Dkt. No. 48) is GRANTED. A separate judgment will issue at the conclusion of the case.

    IT IS SO ORDERED this 19th day of November, 2007.

_____
ROBIN J. CAUTHRON
United States District Judge